UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOBI GAINES,

    Plaintiff,

v.

KARL GREIGORE,

    Defendant.

Case No. 23-cv-06195-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

## DISCUSSION

### Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that a deputy at the county jail assaulted him. It appears Plaintiff is a pretrial detainee.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. "A court (judge or jury) cannot apply this standard mechanically." *Id*. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting *Graham*, 490 U.S. at 396).

A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount

1    of force; the severity of the security problem at issue; the threat reasonably perceived by the
2    officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

3        Plaintiff does not state the date but alleges that Defendant Deputy Greigore escorted him
4    from his cell and had his hand on the back of Plaintiff's neck and squeezed it tightly. (dkt. 1 at 2-
5    3). Plaintiff asked him to stop, but Defendant refused and then slammed Plaintiff against a wall
6    and then Defendant used his body to shove Plaintiff against the wall with his arms raised still
7    behind his back. Plaintiff's arm then popped out of place. Plaintiff states that he was not resisting.
8    (*id.*)

9        Plaintiff presents a cognizable claim against Defendant. However, Plaintiff does not
10   provide a date when this occurred which will be needed for Defendant to properly respond. In
11   addition, Plaintiff continues with an earlier filed case, *Gaines v. De La Fuente*, Case No. 23-cv-
12   05386-RMI, where he alleges a different deputy assaulted him on February 9, 2021, at the same
13   jail. The instant complaint is dismissed with leave to amend. Plaintiff should file a brief amended
14   complaint and indicate when he was assaulted by Defendant Greigore and if it was related to the
15   incident in *Gaines v. De La Fuente*, Case No. 23-cv-05386-RMI, or if they were separate events.

16   **CONCLUSION**

17   1. The complaint is **DISMISSED** with leave to amend in accordance with the standards
18   set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date
19   this order is filed, and it must include the caption and civil case number used in this order and the
20   words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely
21   replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See*
22   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material
23   from the original Complaint by reference. Failure to amend within the designated time will result
24   in dismissal of this case.

25   2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
26   informed of any change of address by filing a separate paper with the clerk, headered "Notice of
27   Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so
28   may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 22, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge