UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBI GAINES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KARL GREIGORE,<br><br>　　　　Defendant. | Case No. 23-cv-06195-RMI<br><br>**ORDER**<br>Re: Dkt. No. 23 |

Plaintiff, a detainee proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. The Court ordered service and Defendant filed a motion for summary judgment on September 3, 2024. Presently pending is Plaintiff's motion to appoint advisory counsel to help prepare for trial, that was filed prior to Defendant's motion for summary judgment.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, the issues are not complex, and it is premature to prepare for trial. The motion (dkt. 23) is denied without prejudice. Plaintiff shall file an opposition to the summary judgment motion, within twenty-eight days of

service of this Order.

**IT IS SO ORDERED.**

Dated: October 21, 2024

ROBERT M. ILLMAN
United States Magistrate Judge